## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CX REINSURANCE COMPANY, LTD.** | * | |
| v. | * | **CIVIL NO.  JKB-15-3054** |
| **LEADER REALTY CO.**, *et al.* | * | |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

| | | |
|---|---|---|
| **CX REINSURANCE COMPANY, LTD.** | * | |
| v. | * | **CIVIL NO.  CCB-15-3056** |
| **SINGER REALTY CO.**, *et al.* | * | |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

| | | |
|---|---|---|
| **CX REINSURANCE COMPANY, LTD.** | * | |
| v. | * | **CIVIL NO.  RWT-15-3132** |
| **BENJAMIN L. KIRSON** | * | |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

| | | |
|---|---|---|
| **CX REINSURANCE COMPANY, LTD.** | * | |
| v. | * | **CIVIL NO.  WMN-15-3136** |
| **HOMEWOOD REALTY INC.**, *et al.* | * | |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

| | | |
|---|---|---|
| **CX REINSURANCE COMPANY, LTD.** | * | |
| v. | * | **CIVIL NO.  RDB-15-3158** |
| **MILDRED K. CAPLAN** | * | |

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

| | | |
|---|---|---|
| **CX REINSURANCE COMPANY, LTD.** | * | |
| v. | * | **CIVIL NO.  ELH-15-3364** |
| **B&R MANAGEMENT, INC.**, *et al.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM  AND  ORDER

Pending before the Court in these six cases are identical motions to consolidate, which have been referred to the undersigned for decision.  The motions have been briefed, and no hearing is required, *see* Local Rule 105.6 (D. Md. 2016).  They will be denied.

The six cases are all brought by CX Reinsurance Company, Limited ("CX Re"), against various landlords and affiliated individuals and entities.  CX Re claims in each case it is entitled to rescission of a commercial insurance policy issued by CX Re to protect the various Defendants from liability for personal injury or property damage arising from Defendants' leasing of residential properties to tenants.  CX Re's claim of rescission is based upon its

allegations that Defendants, in submitting their applications for insurance coverage, gave false

answers in response to questions about prior lead-paint violations.   That information, CX Re

alleges, was material to its decision whether to insure and, if so, under what terms insurance

would be offered.   Further, CX Re claims it was defrauded by Defendants' misrepresentations

and seeks damages.

## I.  Standard for Consolidation

Federal Rule of Civil Procedure 42(a) permits, but does not mandate, consolidation of

cases that involve a common question of law or fact.   The Supreme Court has stated,

"[C]onsolidation is permitted as a matter of convenience and economy in administration, but

does not merge the suits into a single cause, or change the rights of the parties, or make those

who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479,

496-97 (1933); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 168 (4th

Cir. 2001).   If a common question of law or fact exists, then the district court must weigh the

competing considerations to determine if consolidation is desirable.

> The critical question for the district court in the final analysis was whether the
> specific risks of prejudice and possible confusion were overborne by the risk of
> inconsistent adjudications of common factual and legal issues, the burden on
> parties, witnesses and available judicial resources posed by multiple lawsuits, the
> length of time required to conclude multiple suits as against a single one, and the
> relative expense to all concerned of the single-trial, multiple-trial alternatives.
> See Fed. R. Civ. P. 42(a); see generally 9 C. Wright & A. Miller, Federal Practice
> & Procedure: Civil s 2383 (1971).

*Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982).   If the common issue is not

central to the resolution of the cases or if consolidation will lead to delay in the processing of one

of the individual cases, then consolidation may be denied.   9A C. Wright & A. Miller, *Federal*

*Practice & Procedure*:   Civil § 2383, at 40-43 (3d ed. 2008).   The decision lies within the

discretion of the district court. *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.*, 559 F.2d 928, 933 (4th Cir. 1977).

## II. Analysis

The threshold consideration in deciding if cases should be consolidated is whether different cases present a common question of either fact or law. Having considered relevant case authorities, the Court concludes these six cases do not present either a common question of fact or a common question of law.

Each case has the same Plaintiff, who has asserted claims of fraud and rescission in each action. Moreover, Movants contend that Defendants are likely to assert the same defenses, such as statute of limitations or laches, among others. However, identical legal theories do not constitute a common question of law. *Gardner v. Cardinal Constr., Inc.*, No. C13-2001, 2013 U.S. Dist. LEXIS 101396, at *5-6 (N.D. Iowa July 18, 2013); *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993) ("the mere fact that two cases assert *similar theories of recovery* does not constitute a 'common question of law' so as to warrant consolidation"); *Walter E. Heller & Co. v. Tuscarora Cotton Mill*, 1974 U.S. Dist. LEXIS 13035, at *1-2 (M.D.N.C. Mar. 29, 1974) (noting dearth of cases "wherein consolidation has been ordered solely on the basis of identical legal theories"). Thus, for example, resolving whether fraud occurred in one case will not resolve whether fraud occurred in another case. No common question of law rules the outcome of these six cases.

Nor is there a *common* question of fact. Cases in which a common question of fact has been found are those arising from the same set of facts. *See, e.g., Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1463-64 (4th Cir. 1996) (two suits alleging breach of fiduciary duty and professional malpractice by same defendants based upon establishment of one ERISA plan);

*Russell v. United States*, No. 1:12-cv-0407, 2012 U.S. Dist. LEXIS 95400, at \*5-7 (M.D. Pa. July 9, 2012) (cases arose out of same alleged incident, at same time, in same place, and involved same defendants); *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 372-73 (S.D.N.Y. 2009) (cases involved same plaintiffs suing medical professionals for same type of malpractice with same resulting injury in same time period); *Jones v. Qwest Commc'ns Int'l, Inc.*, No. Civ. 06-3523MJDAJB, 2007 WL 4179385, at \*3 (D. Minn. Nov. 20, 2007) (both cases involved identical questions of law and fact as to whether defendant violated Fair Labor Standards Act in its treatment of its sales consultants); *Internet Law Library, Inc. v. Southridge Cap. Mgmt. LLC*, 208 F.R.D. 59, 60-62 (S.D.N.Y. 2002) (both cases involved questions of fact pertaining to same agreement between same parties); *Allfirst Bank v. Progress Rail Servs. Corp.*, 178 F. Supp. 2d 513, 515-16 (D. Md. 2001) (each case "mirror image" of other case as to parties and facts).

In the present cases, however, no one set of facts is shared by any two cases. For example, in 15-3054, CX Re issued an insurance policy based upon an application executed by Charles Piccinini on behalf of Leader Realty, Inc., and the policy listed the specific properties it covered. Whether Defendants in 15-3054 made a material misrepresentation on their application that resulted in damage to CX Re is a distinct factual question from whether any other defendants in any other case made a material misrepresentation on other policy applications pertaining to other properties. Although the cases share factual similarities, they do not share one factual question such that resolution of it in one case drives the resolution of the rest of the cases. Other cases have followed this principle in denying consolidation. *See, e.g.*, *Singh v. Carter*, No. CV 16-399 (BAH), 2016 WL 2626844, at \*9-10 (D.D.C. May 6, 2016) (each plaintiff claiming same type of discrimination by same defendant situated differently); *Hicks v. Grove*, Civ. No. ELH-12-1422, Civ. No. ELH-13-2592, 2014 U.S. Dist. LEXIS 24088, at \*4-7 (D. Md. Feb. 25, 2014)

(cases against different defendants at one detention center arose from distinct events and alleged different types of conduct); *Gardner*, at *8-10 (each case turned on circumstances particular to each plaintiff even though both alleged same kind of discrimination by same defendant employer); *Joe Hand Promotions, Inc. v. Dock St. Enters.*, Civ. No. WMN-11-1973, 2011 U.S. Dist. LEXIS 141242, at *4-6 (D. Md. Dec. 8, 2011) (cases by different plaintiffs claiming unauthorized broadcasts based on broadcasts on different nights and involved different fees).

Having found no common question of law or fact, the Court need not proceed to the next part of the analysis to determine whether considerations of pragmatism and fairness weigh in favor of or against consolidation, although in that regard, no savings of judicial resources can be foreseen because of the need to resolve each case on its own facts. Nevertheless, the Court has considered Movants' argument pertaining to some overlapping concerns in discovery and deems it expedient to designate a single magistrate judge, at the discretion of each individual presiding judge, as overseer of discovery issues affecting more than one case. Discovery issues pertaining only to one case will be handled in the fashion deemed appropriate by the respective presiding judge.

### III. Conclusion

Based upon the foregoing reasons, the Court ORDERS the following:

1. In 15-3054, the motion to consolidate (ECF No. 46) IS DENIED.

2. In 15-3056, the motion to consolidate (ECF No. 56) IS DENIED.

3. In 15-3132, the motion to consolidate (ECF No. 24) IS DENIED.

4. In 15-3136, the motion to consolidate (ECF No. 47) IS DENIED.

5. In 15-3158, the motion to consolidate (ECF No. 22) IS DENIED.

6. In 15-3364, the motions to consolidate (ECF Nos. 46 and 47) ARE DENIED.

DATED this 14th day of November, 2016.

                                        BY THE COURT:


                                        _____/s/_____
                                        James K. Bredar
                                        United States District Judge